

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

November 12, 1952

Hon. H. C. Pipkin          Opinion No. V-1539
District Attorney
47th Judicial District    Re: Duty of a district at-
Amarillo, Texas               torney to represent the
                              plaintiffs in civil non-
                              support actions under
                              the Uniform Reciprocal
                              Support Act when Texas
Dear Sir:                     is the initiating state.

          Your request for an opinion of this office
relates to the duty of a district attorney to represent
a plaintiff in a nonsupport action pursuant to the Uni-
form Reciprocal Enforcement of Support Act when Texas
is the initiating state. Your particular problem is
presented by reason of requests for your assistance
from persons who have orders for child support granted
by our courts and who now seek enforcement through civil
contempt proceedings initiated in this state and to be
enforced in another state.

          The purpose of the Uniform Reciprocal Enforce-
ment of Support Act, which is codified as Articles
2328b-1 to 2328b-3, V.C.S., is to improve and extend by
reciprocal legislation the enforcement of duties of sup-
port and to make uniform the law with respect thereto.

          In Attorney General's Opinion V-1409 (1952)
this office held that a proceeding under Article 2328b-
3 is a civil proceeding and that the Legislature intended
to charge the district or county attorney with the duty
of representing the obligee in the Texas court wherein
Texas is the responding state.

          Applying the provisions of the act when this
State acts as an initiating State, Sections 10 and 11 of
the act provide:

          "Sec. 10. The petition shall be verified
     and shall state the name and, so far as known
     to the plaintiff, the address and circumstances

of the defendant and his dependents for whom support is sought and all other pertinent information.

"Sec. 11. If the court of this State acting as an initiating State finds that the petition sets forth facts from which it may be determined that the defendant owes a duty of support and that a court of the responding State may obtain jurisdiction of the defendant or his property, he shall so certify and shall cause certified copies of the petition, the certificate and an authenticated copy of this Act to be transmitted to the court of the responding state."

An additional duty is imposed upon the court when this State acts as an initiating state by Section 17, which reads:

"The court of this State when acting as an initiating state shall have the duty which may be carried out through the district clerk or probation department of the court to receive and disburse forthwith all payments made by the defendant or transmitted by the court of the responding state."

The duty of support is enforceable by petition, duly verified and filed in the district court. If the court is of the opinion that the petition states sufficient facts from which it may be determined that the defendant owes a duty of support and that a court of the responding state may obtain jurisdiction, he shall cause the same to be transmitted to the court of the responding state. The act is silent as to the duty of representation by the district or county attorney, nor does such a duty necessarily follow by implication. Inasmuch as the Legislature has failed to impose upon the district or county attorney the duty to represent an obligee when Texas is the initiating state, it is our opinion that such duty does not rest with the district or county attorney.

## SUMMARY

There is no duty imposed upon the district or county attorney to represent the obligee in a civil nonsupport action filed under the Uniform Reciprocal Enforcement of Support Act (Arts. 2328b-1 to 2328b-3, V. C.S.) when Texas is the initiating state.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewing Assistant

By Burnell Waldrep
Assistant

Charles D. Mathews
First Assistant

BW:am